In
Superior court of record
Special term
at
Federal District Courthouse, District of New Mexico

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

20 JUL 30 AM 6: 13

CLERK-ALBUQUERQUE

Mario Monte Chavez

*Plaintiff*

v.

Bernalillo County, a corporation
State of New Mexico, a corporation
Anthony Szurek, a man

*Defendant(s)*

CASE # **20cv772 JHR**

CLAIM AND ACTION OF
TRESPASS
ABUSE OF PROCESS
FALSE IMPRISONMENT

## ACTION AT LAW, ABUSE OF PROCESS
## DECLARATION
### VENUE

1. Venue is proper in this court of record in and for the District of New Mexico for all events stated herein happened within the venue so stated. All the Defendants, are residents within the territory known as New Mexico. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Albuquerque, New Mexico, which is in the territory known as New Mexico.

### COMMENCEMENT

2. COMES NOW Mario Monte Chavez, who is at all times mentioned in the following declarations and actions at law, one of the People of New Mexico, an American, having come of full age, having been found to be living, competent to give the testimony stated herein, (hereinafter "Plaintiff") and in this court of record, (hereinafter, "Superior Court") comes upon an action of abuse of process and sues defendants State of New Mexico, a corporation,

Bernalillo County, a corporation, and Anthony Szurek, a man, who are residents of Colorado (hereinafter "Defendant(s)"). The primary cause of this action is abuse of process by the actions of the Defendant(s), wherein Defendants, officers in the United States District Court (hereinafter "Inferior Court") denied Plaintiff the contractually, lawfully and statutorily guaranteed confirmation of an arbitration award in the court so specified by the parties thereby depriving Plaintiff of Plaintiff's guaranteed monetary award and causing harm to Plaintiff.

## CAUSE OF ACTION

3. This is an action at law for abuse of process in a court of record, proceeding according to the course of the common law, to redress the abuse of process of the Defendant(s) on the following occasions. Plaintiff seeks an order and final judgment against the Defendant(s) from the Superior Court, finding and declaring, that the Defendant(s) have abused the process of the Inferior Court, thereby causing harm to Plaintiff, and for damages and remedy to be awarded to Plaintiff as stated herein.

## INFERIOR COURT

4. This matter is a collateral challenge to the jurisdiction of the Inferior Court T-4-CR-2020-4223: The law provides that once State and Federal Jurisdiction has been challenged, it must be proven point by point by the asserting party. *Main v. Thiboutot*, 100 S. Ct. 2502 (1980). "Jurisdiction can be challenged at any time and once challenged, cannot be assumed and must be decided. *Basso v. Utah Power & Light Co.*, 495 F 2d 906, 910.

## JURISDICTION

5. This Superior Court has original jurisdiction over these matters at law because all events regarding this cause action occurred within the State of New Mexico and involves the State itself.

6. All Defendant(s) Shall Be process served with the file stamped copy of this action at law.

7. Venue is proper in this Superior Court in the District of New Mexico.

8. The Warrant that is the Preamble guarantees Article I of the Constitution for the United States of America where Plaintiff the right to redress by those claiming to be or claiming to act under governmental authority. Defendants Sovereign immunity does not bar this action

at law as Defendants vacated Defendants respective offices by acts in excess of law and constitution at the time of occurrence. It is a fundamental principle of law that nobody is above the law and the lawful orders of a court of record including, but not limited to, all government actors. The government immunity clause only applies to government actors when they are performing their actions of their office defined by their office in good faith and that the UNITED STATES SUPREME COURT has made a ruling regarding public officials being held liable for actions done or failure to perform required actions, in the case of *MILLBROOK v. UNITED STATES* (477 Fed. Appx. 4). See also: *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Murdock v. Penn.*, 319 US 105; *Owen v. City of Independence*, 100 S Ct. 1398; *Maine v. Thiboutot*, 100 S. Ct. 2502; and *Hafer v. Melo*, 502 U.S. 21.

## COURT FEES

9. The Warrant that is the Preamble guarantees Article I of the Constitution for the United States of America where Plaintiff the right to redress by those claiming governmental authority. The United States District Court may not convert said right into a privilege by adding a fee (*Murdock v Pennsylvania* 319 US 105 (1943)) and if it does so Plaintiff has full right to ignore said fee and enjoy Plaintiff's right with impunity (*Shuttlesworth v Birmingham*, 373 USs 262) and Plaintiff retrains the right to redress for such action as per the preamble to the Constitution. Further, the court is invited to review *Caliste v. Cantrell*, 937 F.3d 525 (5th Cir. 2019) wherein due process prohibits the court from requiring Plaintiff to pay into any fund used for the administration of the court such as the Judicial Employment Fund.

## PARTIES

10. Mario Monte Chavez is one of the people of New Mexico, has been found to be living, is an American and has come of full age.

11. Anthony Szurek is a person who acted as an agent of Defendant Bernalillo County and initiated the inferior court case T-4-CR-2020-4223, a citizen and a public servant.

12. Bernalillo County, a corporation, is listed on the public record of Dunn and Bradstreet as a for-profit privately held corporation acting in the guise of a governmental entity, a subsidiary of Defendant State of New Mexico.

13. State of New Mexico, a corporation, is listed on the public record of Dunn and Bradstreet as a for-profit privately held corporation acting in the guise of a governmental entity.

## FACTS OF THE CASE

14. Plaintiff now states the following facts regarding the events of July 26 in the year Two Thousand and Twenty and after, and declares the same in these causes of action to the best of Plaintiff's knowledge and recollection to wit:

15. At all times mentioned herein Plaintiff was and is one of the people of New Mexico, and an American.

16. At all times mentioned herein Plaintiff is and was domiciled on private land, County of Bernalillo, republic of New Mexico.

17. At all times mentioned herein Plaintiff has been found to be living and has come of full age.

18. On July 21, 2020, Plaintiff was approached and detained by Defendant Szurek,

19. Defendant Szurek issued Plaintiff a "uniform traffic citation" based upon Defendants failure to wear a mask. (see Attachment "A")

20. The State of New Mexico is bereft of any law granting Defendant authority to detain and cite the People for not wearing a mask.

21. Defendant Szurek issued a summons upon Plaintiff.(see attachment "B")

22. Said summons stated "SERVICE OF THIS SUMMONS SHALL BE BY: (mail)."

23. Plaintiff was never process served any summons.

24. Said summons stated "YOU ARE ordered to appear before the undersigned on 8/11/2020 at 9:00am in Courtroom 300 Bernalillo County metropolitan Court 401 Lomas BLVD NW Albuquerque NM 87102, County of Bernalillo, State of New Mexico, to Plead to the above charge(s)."

25. Said summons stated the charges "Misdemeanor Offence not Identified."

### Claim: Abuse of Process
### Argument with law

26. Plaintiff re-alleges paragraphs 14 through 25 as stated fully herein.

27. This court will take mandatory judicial notice of Amendment I of The constitution for the United States of America: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." The compelled speech doctrine sets out the principle that the government cannot force an individual or group to support certain expression. Thus, the First Amendment not only limits the government from punishing a person for his speech, it also prevents the government from punishing a person for refusing to articulate, advocate, or adhere to the government's approved messages, in this matter Plaintiff refused to adhere to the State propaganda message requiring the People to wear masks in public. Plaintiff was then punished for refusing to adhere to the unlawful compelled speech created by the governor which never went through lawful or legal process to become law or statute. Had said compelled speech become statute, it is still inapplicable to the People of New Mexico

"In common usage, the term 'person' does not include the sovereign, and statutes employing the word are ordinarily construed to exclude it." *Wilson v. Omaha Indian Tribe* 442 US 653, 667 (1979). Defendants perverted the legal system into an abusive process to enforce compelled speech, the will of the Governor, as law in excess of constitutional limitation then proceeded to detain and punish Plaintiff for ignoring said compelled speech.

### Claim Two: Abuse of Process
### Due Process

28. Plaintiff re-alleges paragraphs 14 through 25 as stated fully herein.

29. Defendants created an abusive process in initiating a "court" but neglecting to summon Plaintiff with due process service. Mailing of a summons by regular mail is not an acceptable practice and does not comport with the basic service requirements of procedural due process notice protected under Amendment V of the Constitution for the United States of America where the State intends to deny one of the People life, liberty or property. *Pennoyer v. Neff,* 95 U.S. 714 (1878) makes clear that a court can exert jurisdiction through process service, axiomatic if process service did not occur the inferior court cannot exert jurisdiction. The cornerstone of due process is correct and served notice to initiate *any* lawful or legal matter. Defendants perverted the legal system to one in excess of due process to create revenue for the State corporation and causing harm upon Plaintiff. The inferior process unlawfully converted what is to be a legal process into an administrative process existing in excess of law.

### Claim Three: Abuse of Process
### Nature and Cause

30. Plaintiff re-alleges paragraphs 14 through 25 as stated fully herein.

31. Defendants attempted to create a process in excess of Amendment VI by failing to state the nature and cause of the summons to said proceeding, for no crime was committed to give the State any capacity to hold a court; see also Article II section 1 of the Constitution for the

State of New Mexico guaranteeing the Constitution for the United States as the law of the land in New Mexico. Defendants created a process in the guise of a legal court and perverted said process to punish Plaintiff while operating in excess of the law of the land and Plaintiff's inalienable and unalienable right to know the cause and nature of the process being brought against Plaintiff. With no authority permitting capacity or jurisdiction, Defendants have created a quasi, or mirrored, process outside the limitations of law and constitution to generate revenue for the State and thusly caused harm to Plaintiff by denial of rights under the colour of law and authority.

### Claim four: False Imprisonment

32. Plaintiff re-alleges paragraphs 14 through 25 as stated fully herein.

33. Defendant Szurek prevented Plaintiff's freedom of movement under the colour of authority as proved by the citation and summons which failed to articulate any crime to allow for detainment. *United States v. Cortez*, 449 U.S. 411 (1981), utilizing *Terry v. Ohio,* 392 U. S. 1, 392 U. S. 29 set forth the authority of an officer to detain suspect, but both make clear that the "crime" must be articulated lest the detention be unlawful and thereby false imprisonment. No crime was articulated to Plaintiff at anytime. Defendants then threatened to arrest Plaintiff if Plaintiff fails to appear to their kangaroo court despite no charges being levied and no due process service. Plaintiff's decision to not adhere to the unlawful compelled speech of the State actors does not create reasonable articulatable suspicion of a crime and Plaintiffs assertion of first amendment protected activity cannot be converted into a crime *Miller v. U.S.* 230 F 2d 486, 489, "Where rights secured by the Constitution are involved, there can be no rule-making or legislation which would abrogate them." *Miranda v. Arizona* 384 U.S. 436, 491. The first amendment prohibits government from "subjecting an individual to retaliatory actions for engaging in protected speech," or in this matter, ignoring

compelled speech *Nieves v Bartlett* 139 S. Ct 1717, 1722 (2019). *Any* form of penalty for protected speech "is forbidden," see *Surita v Hyde*, 665, F.3d 860, 871 (7th Cir. 2011). The principle applies equally to law enforcement. Officers may not cite, arrest, jail or threaten individuals for engaging in protected speech or ignoring compelled speech, see e.g., *Nieves*, 139 S. Ct at 1722 and *Steffel v Thompson*, 415 U.S. 452 (1974)(setting the record that the mere threat of arrest is sufficient for a first amendment claim); *Fairley v Andrews*, 578 F.3d 518, 525 (7th Cir. 2009). The record reveals that the defendants created controversy where none existed in a retaliatory action to Plaintiffs assertion of first amendment protected activities wherein Defendants then have weaponized the inferior commercial court system and a quasi-judicial process to retaliate against Plaintiff for ignoring compelled speech in an effort to force compelled speech upon the People; Defendant had no authority to prohibit Plaintiff's freedom of movement and thereby committed false imprisonment.

### Claim Five: Unlawful Search

34. Plaintiff re-alleges paragraphs 14 through 25 as stated fully herein.
35. This court will take mandatory judicial notice of Amendment IV to the Constitution for the United States of America "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *United States v. Cortez*, 449 U.S. 411 (1981), utilizing *Terry v. Ohio,* 392 U. S. 1, 392 U. S. 29 set forth the authority of an officer to detain suspect, but both make clear that the "crime" must be articulated lest the detention be unlawful. Pursuant to the summons, no crime was committed anywhere at any time to allow for detention and search. *McNally v. United States*, 483 U.S. 350 (1987) makes unequivocally clear that that the Public Servant is fiduciary to the

public and concealing information is a fraud. Defendant had a lawful duty to articulate to Plaintiff, one of the People of New Mexico, the cause and nature of the detention. In failing to articulate any reason for the detention, pursuant to the doctrine of trespass *ab initio*, Defendant was in excess of law and authority and from the beginning of the contact was operating under the colour of authority; therefore the search of Plaintiff's papers was unlawful for Plaintiff has the unalienable and inalienable right to be secure in his person, papers and property.

### Claim Six: Fraud

36. Plaintiff re-alleges paragraphs 15 through 26 as stated fully herein.

37. *McNally v. United States*, 483 U.S. 350 (1987) makes unequivocally clear that that the Public Servant is fiduciary to the public and concealing information is a fraud. The record reveals that Defendants are creating a process and refusing to articulate any crime to allow for such process. In withholding perinate information, such as cause and nature, all Defendants have committed the offence of fraud pursuant to *McNally* and Defendants have acted in excess of the fiduciary duty to Plaintiff, one of the People of New Mexico. This fraud has forced Plaintiff into an impromptu de facto commercial process with no knowledge of the "crime" to which Plaintiff is being tried.

### Claim Seven, Conspiracy to deprive rights

38. Plaintiff re-alleges paragraphs 15 through 26 as stated fully herein.

39. The record reveals that the three defendants colluded to cause harm to the People by the enforcement of the will of the Governor upon the People in excess of limitations of Amendment I to the Constitution for the United States of America. The State is enforcing unlawful compelled speech through the county subsidiaries and its agents. No provision of law allows for the enforcement of the will of the governor upon the People. Defendants, in

collusion, have utilized their agents to enforce the propaganda message of the Governor and have attempted to weaponize a quasi-judicial system to punish the People for refusing to adhere to the will of the Governor. Plaintiff, one of the People of New Mexico, is being threatened and punished by Defendants for no articulatable crime but is being made an example of to force compliance to the will of the government.

## CONCLUSION

40. Defendants unlawfully perverted the court system from a court of law to a court of the "will of the governor" thusly creating an abusive de facto process outside the limitations of law and constitution and based in fraud. Defendants abused process in creating a process in excess of procedural due process requiring notice. Defendants abused a process by summoning Plaintiff to said process void of any actual crime, the summons is bereft of the cause and nature of any accusation and is, in fact, bereft of any accusation to grant a court capacity. Plaintiff was falsely imprisoned, unlawfully searched and has been forced into said abusive unlawful process based upon threat *de armus* by Defendants. Defendants are acting to support the will of the Governor, supporting and enforcing compelled speech in excess of law and constitution and thusly have denied Plaintiff substantive rights causing harm to Plaintiff.

## PLEDGE

41. The Plaintiff in common pledges to prosecute Defendant(s) at law in this court of record until this matter and action are concluded, justice is rendered, and damages have been collected.

## RELIEF DEMANDED

*Wherefore* Plaintiff demands and seeks judgment against all named Defendants as follows:

42. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' abuse of process which shall include $75,000.00USD from each Defendant for the acts in excess of law, constitution and Plaintiffs substantive rights.

43. That all Defendants pay to Plaintiff costs of the lawsuit incurred herein including, but not limited to, all necessary research, all nonjudicial enforcement and all reasonable counsel's fees, at a minimum of $250.000 per hour worked (Plaintiff's standard professional rate at start of this action).

44. That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

## VERIFICATION

I, Mario Monte Chavez, *Sui Juris*, Plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, that the above statements of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God.

*[signature]*

Mario Monte Chavez
One of the people of New Mexico
Plaintiff
[1924 Sanchez Rd. SW Albuquerque NM 87105]

Teste meipso: Mario Monte Chavez, sovereign of the court, attested by his own hand, who stands upon the land, Republic of Colorado this 26 Day of July in the Year Two Thousand Twenty.



STATE OF NEW MEXICO UNIFORM TRAFFIC CITATION — Bernalillo County Sheriff Department. Citation #4136874 7. Name: CHAVEZ, MARIO. Statute 66-7-301 Speeding. Defendant's Copy.

STATE OF NEW MEXICO
BERNALILLO COUNTY METROPOLITAN COURT

NO. T-4-CR-2020-004223

STATE OF NEW MEXICO,
        Plaintiff,

v.

MARIO CHAVEZ,
        Defendant.

## CRIMINAL SUMMONS

MARIO CHAVEZ
1924 SANCHEZ RD SW
ALBUQUERQUE, NM 87105

YOU ARE NOTIFIED THAT A COMPLAINT, A COPY OF WHICH IS ATTACHED HERETO, HAS BEEN FILED IN THIS COURT CHARGING THAT YOU COMMITTEED THE OFFENSE OF:

| Citation(s): | Violation Date: | Charge(s): |
|---|---|---|
| 0210241368747 | 07/21/2020 | Misdemeanor Offense Not Identified |

YOU ARE ordered to appear before the undersigned on the **08/11/2020 at 9:00 AM in Courtroom 300 Bernalillo County Metropolitan Court 401 Lomas Blvd. NW Albuquerque, NM 87102**, County of Bernalillo, State of New Mexico to plead to the above charge(s).

IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED, A WARRANT MAY BE ISSUED FOR YOUR ARREST AND AN ADDITIONAL $100.00 ADMINISTRATIVE WARRANT FEE WILL BE ASSESSED.
SERVICE OF THIS SUMMONS SHALL BE BY: (mail)

                                                Sandra Engel
                                                Judge

Bernalillo County Sheriff's Office
Name of Law Enforcement Entity Filing the Complaint

/Szurek, Anthony, Ofc. BSO, 4807 ( Anthony Szurek Ofc. BSO)
Prosecuting Attorney/Law Enforcement Officer

/400 Roma NW  Albuquerque, NM  87102
Prosecuting Attorney Address/Law Enforcement Officer  Address

## CERTIFICATE OF MAILING

I certify that I mailed a copy of the Summons and a copy of the Complaint in the above-styled cause to the defendant at the above address on:  7/24/2020 _____ (date).

Signature _S Gomez_                             Title Clerk II

**Pursuant to the Americans with Disabilities Act, the Court will make reasonable accommodation.
Should an accommodation be needed, please call 841-8151 prior to your appearance.**

BRING THIS SUMMONS WITH YOU WHEN YOU APPEAR TO ANSWER TO THE ABOVE CHARGE(S)

NO CELL PHONES, PAGERS OR CAMERA CAPABLE DEVICES
ARE ALLOWED IN THE METROPOLITAN COURT.
**Parking is available for a fee across from the Courthouse.
The entrance to the Public Parking Garage is from 5th Street and Granite.
If you have any questions, please call the Information Line at 841-8151.**
DEFENDANT'S COPY

Distribution:  White-Court,  Yellow – Defendant – Pink- Counsel      CR-9-208-Criminal Summons
Court Information:  Bernalillo County Metropolitan Court  401 Lomas Blvd. NW
Albuquerque NM  87102  phone 505-841-8151  (fax) 505-222-4831  web site  www.nmcourts.gov